[Cite as *State v. Buckley*, 2019-Ohio-5309.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASTHABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0027** |
| LARRY ROBERT BUCKLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 00093.

Judgment:  Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, Ohio 44047-1092 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Independence, Ohio 44131 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}  Appellant, Larry Robert Buckley, appeals his rape conviction contending he was denied effective assistance of trial counsel for failure to file a motion to suppress. We affirm.

{¶2}  Buckley was charged with three counts:  rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b), gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4)(C)(2), and attempted gross sexual imposition, a fourth-

degree felony in violation of R.C. 2907.05(A)(4)(C)(2) and 2923.02(A). A jury convicted him of rape and found him not guilty of the other two charges. He was sentenced to a mandatory term of ten years to life in prison.

{¶3} Buckley raises one assigned error:

{¶4} "Appellant's constitutional right to effective assistance of counsel was violated when such counsel failed to move to suppress the statement given by appellant to the police."

{¶5} To prevail on a claim of ineffective assistance of counsel, a criminal appellant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either prong is fatal. *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶6} Buckley argues that he was given bad advice from an attorney who advised him to talk with police before he was charged. During that discussion, Buckley made incriminating statements that were used at trial. He now claims trial counsel was ineffective for failing to move to suppress his statements to police based on his other attorney's poor advice. We disagree.

{¶7} Even assuming appellant was given deficient advice, Buckley fails to demonstrate that a motion to suppress would have led to exclusion. It is his duty to support his argument with case law, but he does not direct us to any that supports his

2

argument that suppression is warranted here. *S. Russell v. Upchurch,* 11th Dist. Geauga Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, ¶ 10 (holding that an appellant bears the burden of affirmatively demonstrating error on appeal). If an argument exists that can support an appellant's assignment of error, "'it is not this court's duty to root it out.'" *Tally v. Patrick,* 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶ 22, quoting *Harris v. Nome,* 9th Dist. No. 21071, 2002-Ohio-6994. We likewise know of no case supporting this argument.

{¶8} The exclusionary rule was designed to remedy unconstitutional conduct by state actors. *Michigan v. Tucker*, 417 U.S. 433, 446, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), citing *Elkins v. United States*, 364 U.S. 206, 217, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Even assuming Buckley's attorney was deficient by advising him to speak with investigating officers, suppression is not warranted since he fails to establish a constitutional violation at the hands of a state actor. *Id.*

{¶9} Buckley fails to establish that his trial counsel was deficient, and as such, his sole assigned error lacks merit.

{¶10} The trial court's decision is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.